IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**RAYMOND JENKINS, JR.,**

    Petitioner,

v.                                                  Civil Action No. **3:16CV345**

**COMMONWEALTH OF VIRGINIA,**

    Respondent.

### REPORT AND RECOMMENDATION

Raymond Jenkins, Jr., a former Virginia inmate[1] proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons that follow, it is RECOMMENDED that the § 2254 Petition be DENIED.

**A.**     **Procedural History and Jenkins's Claims**

On May 28, 1997, in the Circuit Court for the County of Mathews, Virginia ("Circuit Court"), Jenkins was found guilty of one count of manufacturing, selling, giving, distributing, or possessing with the intent to distribute an imitation controlled substance or controlled substance, and two counts of manufacturing, selling, giving, distributing, or possessing with the intent to distribute cocaine. (ECF No. 15–1, at 13.)[2] On September 15, 1997, the Circuit Court entered judgment against Jenkins and sentenced him to a total of 30 years of imprisonment with 25 years suspended. (*Id.* at 14.)

---

[1] Jenkins has been released from custody and is currently residing in Edison, New Jersey. (*See* ECF No. 8, at 1.)

[2] The Court utilizes the pagination assigned to this document by the CM-ECF docketing system.

From January 16, 2007 through March 24, 2014, Jenkins was in the custody of the New Jersey Department of Corrections, serving an eight-year sentence for the possession of heroin. (ECF No. 15–2 ("Brown Aff.") ¶ 7.)

On May 19, 2014, the Circuit Court found that Jenkins had violated the terms of the sentence originally imposed by the Circuit Court on September 15, 1997. (*Id.* ¶ 4.) The Circuit Court "revoked 5 years, re-suspended 3 years and ordered Jenkins to serve two years consecutively." (*Id.*; *see id.* Encl. A.)

From March 24, 2014 until July 22, 2014, Jenkins was incarcerated in the Middle Peninsula Regional Security Center. (*Id.* ¶ 6.) He was transferred to the custody of the Virginia Department of Corrections ("VDOC") on July 22, 2014. (*Id.* ¶ 5.) Jenkins received 120 days of credit toward his sentence for the period of time that he was incarcerated in the Middle Peninsula Regional Security Center. (*Id.* ¶ 6; *see id.* Encl. C.)

On February 18, 2015, Jenkins filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. (ECF No. 15–1, at 2.) Jenkins argued that he was entitled to receive credit towards his Virginia sentence for all the time he spent in confinement since January 16, 2007. (*Id.* at 9.) Jenkins claimed that "the time spent by [him] in New Jersey should be applied to New Jersey as well as Virginia and to each charge separately." (*Id.* at 11.) On August 17, 2015, the Supreme Court of Virginia dismissed Jenkins's petition. (*Id.* at 62–64.)

On June 1, 2016, Jenkins filed his § 2254 Petition in this Court, raising the same claim that he raised in his state habeas petition. (§ 2254 Pet. 17.)[3] Respondent has moved to dismiss on the ground that Jenkins's claim lacks merit. (Mem. Supp. Mot. Dismiss 3–6, ECF No. 15.)

---

[3] The Court employs the pagination assigned to Jenkins's § 2254 Petition by the CM/ECF docketing system.

For the following reasons, it is RECOMMENDED that Jenkins's claim BE DENIED as lacking in merit.

### B. Applicable Constraints Upon Habeas Review

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### C. Analysis

As his sole claim for relief, Jenkins contends that he is entitled to receive credit toward his Virginia sentence for the entire time that he spent incarcerated in New Jersey. (§ 2254 Pet. 6.) With respect to Jenkins's claim, the Supreme Court of Virginia stated:

3

> Petitioner contends the VDOC has failed to credit his June 25, 2014 sentence for time petitioner spent in the custody of the State of New Jersey from January 16, 2007 through March 24, 2014. Petitioner argues that under Code § 53.1-187, which governs credit for time spent in confinement while "awaiting trial," he is entitled to a credit towards his Mathews County sentence for time he spent incarcerated in New Jersey from January 16, 2007 to March 24, 2014, because on January 16, 2007, he received a show cause from the Circuit Court of Mathews County for a probation violation but was not taken into physical custody by Virginia authorities until he was released on parole by New Jersey on March 24, 2014. Petitioner claims he is entitled to credit for this time toward both this Mathews County and New Jersey sentences.
> 
> The Court holds that this claim is without merit. The record, including the affidavit of Wendy K. Brown, Legal Services and Community release Manager for the VDOC, and the Jail Credit Sheet from the State of New Jersey Department of Corrections, demonstrates petitioner was in custody from January 16, 2007 through March 24, 2014 in New Jersey serving an eight-year sentence for possession of heroin and he has received credit toward his New Jersey sentence for this period. Therefore, petitioner is not eligible to receive jail credit for the period of January 16, 2007 through March 24, 2014, because he cannot receive the same credit toward his Virginia sentence. *See Carroll v. Johnson*, 278 Va. 683, 697–98, 685 S.E.2d 647, 654 (2009) (prisoner not entitled to credit towards Virginia sentence for time spent in Virginia's temporary custody for the limited purpose of standing trial on pending Virginia charges pursuant to the Interstate Agreement on Detainers where prisoner was serving a sentence in New Jersey and received credit toward his New Jersey sentence for that time).

(ECF No. 15–1, at 63–64.) The Court discerns no unreasonable application of the law and no unreasonable determination of the facts in the Supreme Court of Virginia's rejection of Jenkins's claim. *See* 28 U.S.C. § 2254(d)(1)–(2).

Section 53.1-187 of the Virginia Code provides in part that:

> Any person who is sentenced to a term of confinement in a correctional facility shall have deducted from any such term all time actually spent by the person in a state hospital for examination purposes or treatment prior to trial, in a state or local correctional facility awaiting trial or pending an appeal, or in a juvenile detention facility awaiting trial for an offense for which, upon conviction, such juvenile is sentenced to an adult correctional facility. When entering the final order in any such case, the court shall provide that the person so convicted be given credit for the time so spent.

Va. Code Ann. § 53.1-187 (West 2017). "The dictionary definition of 'await' includes: 'to remain in abeyance until.'" *Scott v. Vargo*, No. 2:14CV25, 2014 WL 11514067, at *4 (E.D. Va.

4

Sept. 5, 2014) (quoting Webster's Collegiate Dictionary (9th ed.)), *R&R adopted by* 2014 WL 11512873 (E.D. Va. Oct. 8, 2014). Moreover, "the operative trigger for the statute's requirement of credit is the purpose or reason for the prisoner's confinement." *Id.* at *5 (citing *Paternoster-Cozart v. Clarke*, No. 2:13CV539, 2014 WL 3811900, at *15 (E.D. Va. Aug. 1, 2014)).

Here, Jenkins contends that he is entitled to credit towards his Virginia sentence for all the time he spent incarcerated from January 16, 2007 because, on that same date, the Circuit Court mailed him an order to show cause as to why his suspended sentence should not be revoked. (§ 2254 Pet. 6; ECF No. 1–1, at 1.) However, Jenkins's confinement from January 16, 2007 until March 24, 2014 "resulted from" his New Jersey conviction for possession of heroin, not from Jenkins "awaiting trial" to determine whether his suspended sentence in Virginia would be revoked. Because Jenkins's two criminal matters were completely unrelated, Jenkins never spent time in custody from January 16, 2007 until March 24, 2014 "awaiting trial" for revocation of his suspended Virginia sentence. He was merely serving his sentence imposed in New Jersey.

This Court has previously recognized that the assertion that § 53.1–187 essentially mandates that Virginia prisoners receive double credit "would create absurd results." *Scott*, 2014 WL 11514067, at *5 (citing *Church of the Holy Trinity v. United States*, 143 U.S. 457, 459 (1892)). Moreover, the Supreme Court of Virginia has rejected Jenkins's reading of the statute on several occasions. *See, e.g.*, *Dorr v. Clarke*, 733 S.E.2d 235, 239–41 (Va. 2012) (concluding that inmate held in jail pursuant to a capias and not on an underlying charge of driving under the influence was not entitled to have the 13 days spent in jail on the capias credited against the sentence imposed for driving under the influence); *Carroll*, 685 S.E.2d at 654–55.[4] Because

---

[4] In *Carroll*, the Supreme Court of Virginia concluded that a Virginia prisoner was not entitled to credit toward his Virginia sentence for time spent in temporary custody in Virginia for the limited purpose of standing trial on pending charges in Virginia pursuant to the Interstate

5

Jenkins has failed to demonstrate a violation of § 53.1–187, it is RECOMMENDED that Jenkins's claim be DISMISSED.

D.    **Conclusion**

For the foregoing reasons, it is RECOMMENDED that the Court GRANT Respondent's Motion to Dismiss (ECF No. 14) and DISMISS Jenkins's claim. It is further RECOMMENDED that Jenkins's § 2254 Petition (ECF No. 1) and the action be DISMISSED.

Jenkins is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Jenkins and counsel of record.

                                                    /s/
                                      Roderick C. Young
                                      United States Magistrate Judge

Date: July 14, 2017
Richmond, Virginia

---

Agreement on Detainers when the prisoner was serving a sentence in New Jersey and received credit towards his New Jersey sentence for that time. *See Carroll*, 685 S.E.2d at 654–55.